a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SALAHUDIN SHAHEED #69537-066,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-00832<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| USA,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Salahudin Shaheed ("Shaheed"). Shaheed is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He asks the Court to overturn his disciplinary conviction and award him one million dollars in damages.

Because additional information is needed to evaluate Shaheed's Petition, he must AMEND.

I. Background

Shaheed alleges that he subjected to excessive force during an incident with a lieutenant at the Federal Correctional Institution McKean in Bradford, Pennsylvania, for which he suffered physical and mental injuries. ECF No. 5-1 at 5, 13. As a result of the incident, Shaheed was convicted of threatening bodily harm, refusing to obey an officer, and being insolent to staff. ECF No. 5-2 at 6. Shaheed

was sanctioned with the loss of good conduct time. *Id.* He appealed the disciplinary conviction but was denied relief. *Id.*

Shaheed asks that the court overturn his disciplinary conviction, reinstate his good time, and award him damages.

## II. Law and Analysis

A prisoner facing the loss of a protected liberty interest through a disciplinary hearing is entitled to the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). But a prisoner's "disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (1974). For a prison disciplinary proceeding to comport with the requirements of due process, a prisoner need only be afforded the following minimal procedural safeguards: (1) advance written notice of the disciplinary charges; (2) an opportunity to present evidence in his defense; and (3) a written statement by the factfinder regarding the evidence relied on and reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67). And a prisoner must be presented with "some facts" or a "modicum of evidence" which supports the disciplinary decision. *Id.* at 454–55.

Shaheed does not allege that he was deprived of any procedural protections. He claims that he is innocent of the charges. However, an allegation of factual innocence, standing alone, is not a cognizable claim for federal habeas corpus relief. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (courts do "not consider habeas

relief based on freestanding claims of actual innocence"); *Shaw v. Director*, TDCJ-CID, No. 6:17-CV-514, 2018 WL 7152541, (E.D. Tex. 2018), *report and recommendation adopted*, 2019 WL 398961 (E.D. Tex. 2019) (applying actual innocence analysis to prison disciplinary proceeding). But, to determine whether there is some evidence to support the conviction, Shaheed must provide a copy of the disciplinary charge and the hearing officer's report.

### III. Conclusion

Because additional exhibits are necessary for review, IT IS ORDERED that Shaheed AMEND to supplement his Petition with a copy of the disciplinary charge and the hearing officer's report within 30 days of the date of this Order.

SIGNED on Friday, September 6, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE