a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SALAHUDIN SHAHEED #69537-066,<br>Petitioner | CIVIL DOCKET NO. 1:24-CV-00832<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| USA,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Salahudin Shaheed ("Shaheed"). Shaheed is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He asks the Court to overturn his disciplinary conviction and award him one million dollars in damages.

Because Shaheed fails to state a viable habeas claim, his Petition should be DENIED and DISMISSED with prejudice.

I. Background

Shaheed alleges that he was subjected to excessive force at the Federal Correctional Institution in Bradford, Pennsylvania, for which he suffered physical and mental injuries. ECF No. 5-1 at 5, 13. As a result of the incident, Shaheed was convicted of threatening bodily harm, refusing to obey an officer, and being insolent to staff. ECF No. 5-2 at 6. Shaheed was sanctioned with the loss of good conduct time. *Id.* He appealed the disciplinary conviction but was denied relief. *Id.*

Shaheed asks that the court overturn his disciplinary conviction, reinstate his good time, and award him damages.

## II. Law and Analysis

### A. Shaheed cannot recover damages in a § 2241 action.

Habeas corpus relief is reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A petitioner may seek habeas relief under § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Habeas relief exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).

Shaheed seeks, in part, money damages. Such relief cannot be obtained through a § 2241 petition. *See Muhammad*, 540 U.S. at 750.

### B. Shaheed is not entitled to habeas relief.

Interpreted liberally, Shaheed implies that the evidence was insufficient to support the conviction because his actions were justified.

A prisoner facing the loss of a protected liberty interest through a disciplinary hearing is entitled to the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). But a prisoner's "disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (1974). For a prison disciplinary proceeding to comport with

2

the requirements of due process, a prisoner need only be afforded the following minimal procedural safeguards: (1) advance written notice of the disciplinary charges; (2) an opportunity to present evidence in his defense; and (3) a written statement by the factfinder regarding the evidence relied on and reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67). And a prisoner must be presented with "some facts" or a "modicum of evidence" which supports the disciplinary decision. *Id.* at 454–55.

Shaheed does not claim that prison officials failed to provide him advance written notice, an opportunity to present evidence, or a written statement by the factfinder. In fact, he admits that he refused to comply with orders to submit to handcuffs; "safeguarded" himself in a shower; refused to return to his cell; and "verbally expressed" his disapproval of his housing assignment. ECF Nos. 1 at 5-8; 6 at 5-8. Shaheed argues that the conviction should be reversed because he was subjected to excessive force and retaliation. However, "[p]rison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). Based on Shaheed's recitation of facts, there is "some evidence" to support the disciplinary conviction.

### III. Conclusion

Because damages are not recoverable under § 2241 and there is some evidence to support the conviction, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, November 25, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE